IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JENNIFER DIEDERICH,<br><br>                 Plaintiff,<br>v.<br><br>SALT LAKE CITY CORPORATION, a political subdivision of the State of Utah and its police department, CHRIS BURBANK, in his individual capacity,<br><br>                 Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [9] DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Case No. 2:16-cv-01132-DN<br><br>District Judge David Nuffer |

       Defendants Salt Lake City Corporation (the "City") and former police chief Chris Burbank ("Mr. Burbank") (collectively "Defendants") move to dismiss[1] the first and second causes of action of Plaintiff Jennifer Diederich's ("Ms. Diederich") First Amended Complaint ("Complaint").[2] Defendants argue that dismissal of these claims (alleging depravation of due process in violation of 42 U.S.C. § 1983[3]) is appropriate because Ms. Diederich has failed to demonstrate the deprivation of a protected property interest.[4] Ms. Diederich opposes[5] the Motion. Defendants replies[6] in support.

---

[1] Defendants' Motion to Dismiss Plaintiff's First Amended Complaint For Failure to State a Claim and Memorandum in Support ("Motion"), docket no. 9, filed April 17, 2017.

[2] Docket no. 8, filed April 3, 2017.

[3] *Id.* ¶¶ 105–123.

[4] Motion at 2.

[5] Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss ("Opposition"), docket no. 11, filed May15, 2017.

[6] Reply Memorandum in Support of Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim, docket no. 14, filed June 2, 2017.

After reviewing the parties' filings and relevant authority, the Defendants' Motion to Dismiss is GRANTED for the reasons set forth below.

**Contents**

BACKGROUND .................................................................................................................. 2
       The Creation and Implementation of the City's Promotion Eligibility Register .... 2
       Ms. Diederich's Application for Promotion to Lieutenant .................................... 5
       Ms. Diederich's Placement on Administrative Leave, Discipline, and Removal
             from the Eligibility Roster .......................................................................... 5
       Ms. Diederich's First and Second Causes of Action ............................................ 7
       Procedural Clarifications ....................................................................................... 7
DISCUSSION ..................................................................................................................... 9
    Motion to Dismiss Standard................................................................................... 9
    Due Process and Employment Promotions as Protected Property Interests ..................... 10
       A.    Ms. Diederich Does Not Have a Property Interest in Being Retained on the
            Promotion Eligibility Register or in Being Considered for Promotion. ... 12
       B.    Ms. Diederich Does Not Have a Property Interest in Being Promoted .... 13
ORDER ............................................................................................................................ 16

# BACKGROUND

**The Creation and Implementation of the City's Promotion Eligibility Register**

The City's Civil Service Commission (the "Commission") has adopted rules that govern competitive examinations, qualifications, appointment, promotions, demotions, discipline, and discharge of City employees.[7] According to the Commission rules, City employment positions that are considered to be "promotions" are created by the department chiefs with the approval of the Commission.[8] Vacancies occurring in any of these positions must be filled in accordance with Commission rules.[9]

The Commission rules establish requirements for police officers interested in applying for promotions.[10] These requirements include that an applicant must sit for a competitive

---

[7] Complaint ¶ 15.

[8] *Id.* ¶ 16.

[9] *Id.*

[10] *Id.* ¶ 17.

examination that tests their performance as a police officer.[11] Upon taking the promotional examination, officers are ranked in order of performance on an eligibility register.[12] The officers, unless disqualified or they voluntarily remove themselves, remain on the eligibility register for two years.[13]

Officers who have been subjected to disciplinary action resulting in demotion within the previous twelve months prior to the application date, and if all administrative appeals have been exhausted, are ineligible for testing or promotion.[114] Names on an eligibility register cannot be stricken, except upon written notice mailed to the last known address of the person whose position or status would have been affected, and for reasons stated by the Commission.[15] The notice provides the affected candidate with the opportunity to appeal or petition the Commission to be restored to his or her appropriate position on the eligibility register.[16]

The eligibility register for promotion expires whenever the register is exhausted, on the date approved by the Commission for its expiration, or by order of the Commission.[17] The Commission may authorize any necessary corrections to eligibility registers whenever it determines an amendment to be appropriate based on specific facts or when the public will be served by such action.[18]

---

[11] *Id.*
[12] *Id.* ¶ 19.
[13] *Id.*
[14] *Id.* ¶ 20.
[15] *Id.* ¶ 22.
[16] *Id.* ¶ 23.
[17] *Id.* ¶ 24.
[18] *Id.* ¶ 25.

3

To promote a police officer to the rank of lieutenant, the Commission rules provide that the police chief must select one officer from the top five names on the eligibility register for each position to be filled and shall notify the Commission of the selection.[19] The names of eligible officers that not selected are then restored to their respective positions on the eligibility register.[20] This process is also known among the City's police department as the "Rule of Five."[21]

Ms. Diederich alleges, upon information and belief, that during the course of her employment with the City, the City's police department interpreted and applied the "Rule of Five" in the following manner (without any written policy or procedure to this effect):

> When considering candidates for promotion to the rank of lieutenant, the police chief requests and receives the list of the top five candidates on the eligibility register, reviews the candidates' qualifications, and then may select any of the five candidates, regardless of their relative ranking on the register.[22] Despite the police chief's discretion within the parameters of the Rule of Five, the longstanding, customary practice is to promote these five officers on the eligibility register in rank order until that register expires.[23] In those instances when an officer is passed over for promotion according to rank order, that officer is typically promoted at the very next opportunity.[24] However, none of these top five candidates can be passed over for promotion more than five times.[25] Furthermore, none of the top five candidates can be removed from their ranked position and replaced by any candidate ranked six or lower on the eligibility register without the police chief first notifying the affected candidate(s) in writing and stating the reasons for the removal.[26] Only then can the police chief consider lower ranked candidates for promotion.[27]

---

[19] *Id.* ¶ 26.

[20] *Id.*

[21] *Id.*

[22] *Id.* ¶ 27.

[23] *Id.* ¶ 29.

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

4

Applying the Rule of Five in this manner enables officers to have written notice and an explanation of their effective removal from consideration so that these officers can timely seek to be restored to their appropriate position on the eligibility register before it expires.[28] No candidate for promotion has ever been passed over more than once absent their own voluntary removal or legitimate disqualification from the eligibility register.[29]

### Ms. Diederich's Application for Promotion to Lieutenant

On or about September 2013, Ms. Diederich took the test for promotion to the rank of lieutenant.[30] The eligibility register was then certified on or about October 2013.[31] Ms. Diederich ranked third out of twenty-four officers.[32] The officers ranked one and two on the register were promoted in rank order, and Ms. Diederich was placed at the top of the register the following summer.[33] This register expired on or about October 2015.[34]

### Ms. Diederich's Placement on Administrative Leave, Discipline, and Removal from the Eligibility Roster

On June 19, 2014, Ms. Diederich was placed on paid administrative leave, pending an internal investigation regarding her conduct.[35] At the time that she was placed on this administrative leave, Ms. Diederich was still the top ranked officer on the eligibility register.[36] Although Ms. Diederich alleges that the investigation was a sham,[37] the City's police Internal

---

[28] *Id.* ¶ 28.

[29] *Id.* ¶ 29.

[30] *Id.* ¶ 30. In this paragraph of the Complaint, Plaintiff alleges that this date was September 2014. Defendants state that this and other related dates in the Complaint are incorrect due to typographical errors. Motion at 5 n.24. Defendants offer that the correct testing date is September 2013. *Id.* Plaintiff does not dispute the correction of this and the other dates. Opposition at vi.

[31] *Id.* ¶ 30.

[32] *Id.* ¶ 31. Incorporating corrections detailed *supra* note 32.

[33] *Id.* ¶ 32.

[34] *Id.* ¶ 33. Incorporating corrections detailed *supra* note 32.

[35] *Id.* ¶¶ 34, 37.

[36] *Id.* ¶ 38.

[37] *Id.* ¶¶ 44–50.

Affairs Unit completed its investigation of Ms. Diederich on or around the end of October 2014.[38] Ms. Diederich received a notice of a predisciplinary hearing on or about October 31, 2014.

Ms. Diederich's predisciplinary hearing was held on November 7, 2014.[39] At the hearing, three charges against Ms. Diederich were sustained: a harassment charge and two inappropriate force charges.[40] Ms. Diederich was notified that she would likely receive discipline in the form of a short suspension without pay.[41] Ms. Diederich received that discipline in June 2015 and was suspended for 20 hours without pay.[42] Ms. Diederich was taken off of paid administrative leave and permitted to return to work on July 13, 2015.[43]

Around the time of Ms. Diederich's prediscplinary hearing, her superiors informed her that as a result of the investigative findings and the decision to discipline her, Ms. Diederich's name would be removed from the eligibility roster.[44] During the period of Ms. Diederich's placement on administrative leave, at least five male officers (ranked four through eight respectively on the eligibility register) were promoted to lieutenant while Ms. Diederich was passed over.[45] Ms. Diederich did not take the promotional examination when it was offered in the fall of 2015, because her superiors informed her that she was ineligible to take the test.[46]

---

[38] *Id.* ¶ 52.

[39] *Id.* ¶ 55.

[40] *Id.*

[41] *Id.* ¶ 56.

[42] *Id.* ¶¶ 79, 83.

[43] *Id.* ¶ 84.

[44] *Id.* ¶ 57.

[45] *Id.* ¶ 78.

[46] *Id.* ¶ 89.

## Ms. Diederich's First and Second Causes of Action

Ms. Diederich asserts two[47] due process causes of action for the violation of 42 U.S.C. § 1983 in her Complaint. The first cause of action is against Defendant Salt Lake City Corporation, alleging that the conduct of the City and its employees deprived her of procedural and substantive due process rights.[48] The second cause of action is the same as the first, but directed against former police chief Chris Burbank in his individual capacity.[49]

## Procedural Clarifications

Before continuing any further, and in order to ensure procedural correctness, it is necessary to address what appear to be flaws in the two versions of the complaint that Ms. Diederich has filed, as well as other issues that were presented in the briefing.

Mr. Burbank and his successor Mike Brown were named as defendants in their official and individual capacities in the caption of the initial complaint.[50] The first and second causes of action in that complaint alleged violations of Ms. Dieiderich's Fourteenth and Fifth Amendment rights by the City, Mr. Brown in his official capacity, and Mr. Burbank in his official and individual capacity.[51] Despite the caption, this complaint contained no specific cause of action against Mr. Brown in his individual capacity.

---

[47] The complaint also contains two additional causes of action: one for Title VII gender discrimination and one for Title VII retaliation. Complaint ¶¶ 124–142. Defendants do not move for the dismissal of these causes of action in their Motion. Motion at 2.

[48] Complaint ¶¶ 105–114.

[49] Complaint ¶¶ 115–123.

[50] Docket no. 2 at 1, filed November 3, 2016.

[51] *Id.* at ¶¶ 74–92.

Although the caption of the First Amended Complaint[52] removed Mike Brown as a defendant entirely and named Mr. Burbank only in his individual capacity,[53] the content of the first and second causes of action remained the same as they were in the initial complaint. Specifically, these two causes of action contained allegations pertaining to Mr. Brown and alleged violations of Ms. Dieiderich's Fourteenth and Fifth Amendment rights by the City, Mr. Brown, and Mr. Burbank.

Defendants referenced these problems in their Motion.[54] Ms. Diederich responded in the Opposition by acknowledging: "In addition to removing the official capacity claims against former Police Chief Burbank and all claims against Police Chief Mike Brown, by its [sic] First Amended Complaint, Plaintiff also removed her Fifth Amendment Due Process claims."[55] Although the First Amended Complaint *did not* remove the text of Ms. Diederich's Fifth Amendment Due Process claims or allegations pertaining to Mike Brown, Ms. Diederich's statement will be interpreted as a concession to their dismissal from the First Amended Complaint.

The other matter is Ms. Diederich's argument that that Defendants' Motion should be converted into a summary judgment motion.[56] Ms. Diederch insists that because Defendants attached material outside the face of the complaint, if that material was considered as part of this Order, Defendants' Motion should be converted into a motion for summary judgment and Ms. Diederich should be given a reasonable opportunity to respond.[57] Specifically, Ms. Diederich

---

[52] [Docket no. 8](#), filed April 3, 2017.

[53] *Id.* at 1.

[54] Motion at 1.

[55] Opposition at iv.

[56] Opposition at 2.

[57] *Id.*

takes issue with Exhibit D[58] that Defendants' attached to the Motion as it concerned a rule regarding eligibility for the 2015 lieutenants exam that was not in effect during the period of time that is the focus of Ms. Diederich's allegations.[59] That exhibit is not considered in this Order because Defendants withdrew it.[60] Furthermore, Ms. Diederich's claim to a protected property interest in being considered for promotion[61] was decided without consideration of that exam and without Exhibit D. The Motion will not be converted into a summary judgment motion.

## DISCUSSION

### Motion to Dismiss Standard

Defendants move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and DUCivR 7-1, to dismiss Ms. Diederich's first and second causes of action.[62] Defendants are entitled to dismissal under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[63] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint is presumed, but conclusory allegations need not be considered.[64] Nor are the complaint's legal conclusions and opinions accepted, even if they are couched as facts.[65]

---

[58] Motion, Exhibit D, August 6, 2015 CSC Minutes, docket no. 9-4, filed April 17, 2017.

[59] Opposition at 2–3.

[60] Reply at 1 n.2

[61] *See infra* 11–12.

[62] Motion at 1.

[63] *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[64] *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[65] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Brown v. Zavaras,* 63 F.3d 967, 972 (10th Cir. 1995).

**Due Process and Employment Promotions as Protected Property Interests**

State and local governments are prohibited under the Fourteenth Amendment from "depriv[ing] any person of life, liberty, or property, without due process of law."[66] "To set forth an actionable . . . due process claim [under Title 42 U.S.C. § 1983], a plaintiff must demonstrate: (1) the deprivation of a liberty or property interest and (2) that no due process of law was afforded."[67] "'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. [Sh]e must have more than a unilateral expectation of it. [Sh]e must, instead, have a legitimate claim of entitlement to it.'"[68]

When the alleged property interest is an "interest in a[n] employment promotion[,]" the interest "'is a 'property' interest for due process purposes [only] if there are such rules or mutually explicit understandings that support [the] claim of entitlement . . . .'"[69] "A hiring process that allows for discretion and subjectivity cannot create a mutually explicit understanding."[70] "Conversely, a hiring process that imposes 'significant limitation on the discretion of the decision maker' can create a mutually explicit understanding that gives rise to a protected property right."[71] "State law or settled hiring practices can create mutually explicit understandings."[72]

---

[66] U.S. Const. amend. XIV, § 1.

[67] *Stears v. Sheridan County Mem'l Hosp. Bd. of Trs.*, 491 F.3d 1160, 1162 (10th Cir.2007) (citing *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir.1998)).

[68] *Id.* at 1163 (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

[69] *Jones v. Hernandez*, No. 07-2042, 2007 WL 4269052, at *2 (10th Cir. Dec. 6, 2007) (quoting *Perry v. Sindermann*, 408 U.S. 593, 601 (1972)).

[70] *Id.* (quoting *Nunez v. City of Los Angeles*, 147 F.3d 867, 873 n. 8 (9th Cir.1998)).

[71] *Id.* (quoting *Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir.1984)).

[72] *Id.*

10

Concerning the matter of protected property interests and employment promotions, the Tenth Circuit has recognized in *Teigen v. Renfrow*[73] a "subtle distinction between the right to be *selected* for promotion and the right *to take part* in the promotion process . . . ."[74] "This is because '[p]rocess is not an end in itself,' but instead serves only 'to protect a substantive interest to which the individual has a legitimate claim of entitlement.'"[75] A plaintiff's claim that participation in an open, merit-based system for public employee promotion is a protected property interest "is no more than a claim of entitlement to a fair process."[76] "Even assuming state law grants every state employee the right to be fairly considered for promotion, this right is not itself a substantive right, but rather a vehicle for arriving at the ultimate promotion decision."[77] "Where state law is not sufficiently restrictive to create a property interest in the underlying decision, there can be no property interest in the procedure used to make that decision."[78]

Defendants argue that Ms. Diederich cannot state a claim under the Fourteenth Amendment because she cannot show that she was deprived of a constitutionally protected property interest.[79] Ms. Diederich responds by arguing that she has a protected property interest in her (1) retention on the eligibility register, (2) consideration for promotion, and (3) actual promotion.[80] Using the *Teigen* standards set forth above, this Order will simultaneously consider

---

[73] 511 F.3d 1072 (10th Cir. 2007).

[74] Id. at 1080–81 (emphasis added).

[75] *Id.* (quoting *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)).

[76] *Id.*

[77] *Id.*

[78] *Id.*

[79] Motion at 10.

[80] Opposition at 6.

whether a property interest exists in retention on the eligibility register or in being considered for promotion, followed by a determination whether a property interest exists in the actual promotion.

### A. Ms. Diederich Does Not Have a Property Interest in Being Retained on the Promotion Eligibility Register or in Being Considered for Promotion.

Defendants argue that under *Teigen*, Ms. Diederich's claims that she has a property interest in retention on the eligibility register and in the consideration for promotion both fail.[81] Specifically, the claims fail because they are nothing more than "an alleged entitlement to procedure—which cannot service as the basis for a property right protected by the Due Process Clause."[82]

In response, Ms. Diederich does not address *Teigen* or offer citation to any applicable Tenth Circuit case law. Instead, she cites to nonbinding cases from other federal district and circuit courts in an attempt to establish that retention on an eligibility register and consideration for promotion are protected property interests.[83] This is not sufficient to overcome Defendants' argument. As has been articulated in the District of Utah, "[r]eliance on persuasive authority from other circuit and district courts alone is singularly unhelpful, as the court must govern itself first by the binding law of *this* circuit."[84]

Under *Teigen*, the eligibility register and the consideration of candidates on it would represent the "vehicle for arriving at the ultimate promotion decision."[85] This is *process* and the

---

[81] Motion at 12–13.

[82] *Id*. at 12.

[83] *See* Opposition at 12–14, 16–17.

[84] *Access 4 All, Inc. v. Smith's Food & Drug Centers, Inc*., No. 2:16-CV-00475-JNP, 2017 WL 3484921, at *1 (D. Utah Aug. 14, 2017)* (emphasis added).

[85] *Teigen*, 511 F.3d 1080–81.

12

Tenth Circuit does not recognize a property interest in process by itself.[86] Ms. Diederich cannot claim a property interest in remaining on the eligibility register or in being considered for promotion as part of her first or second cause of action. Dismissal is therefore GRANTED as to these relevant portions of Ms. Diederich's first and second causes of action.

### B. Ms. Diederich Does Not Have a Property Interest in Being Promoted

As to Ms. Diederich's claim that she has a property interest in being promoted, Defendants argue that the promotion cannot be considered a property interest because it is "axiomatic that a benefit does not rise to the level of a protected entitlement if government officials may grant or deny the benefit in their discretion."[87] Defendants point out that "promotion to Lieutenant . . . is a decision subject to the absolute discretion of the Chief of Police." [88] As set forth under the Commission's rules, this is true. The police chief *does* retain absolute discretion to select a candidate for promotion from *any one* of the top five officers listed on the eligibility register.[89] Officers remain on this eligibility register for a two year period.[90]

Ms. Diederich asserts in response that property interests may "arise from written or unwritten state or local government policies or from 'mutually explicit understandings' between a government employer and employee[,]"[91] and that the Tenth Circuit recognizes that "[a] property interest exists if discretion is limited by the procedures in question, that is, whether the procedures, if followed, require a particular outcome."[92] This argument goes to the central point

---

[86] *Id.* at 1081.

[87] Motion at 10 (citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005)).

[88] *Id.* at 11.

[89] Complaint ¶ 26 (emphasis added).

[90] *Id.* ¶ 19.

[91] Opposition at 7 (citing *Perry v. Sindermann,* 408 U.S. 593, 601–02 (1972)).

[92] *Id.* at 18 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1216 (10th Cir. 2003)).

13

of her allegations regarding how the City applies the so-called "Rule of Five." To reiterate: Ms. Diederich alleges in her Complaint that the City's *practice* is that the police chief only selects the *initial* top five ranked candidates on the eligibility register for promotions.[93] These selections are generally made according to the ranking order the candidates appear on the eligibility register.[94] But even if these promotions are not made in rank order, none of the candidates are passed over for promotion more than five times.[95] By the time the fifth remaining candidate is considered for promotion, that promotion is effectively mandatory.[96] A process carried out in this manner, Ms. Diederich argues, limits the police chief's discretion to the point that a property interest is created.[97]

Ms. Diederich's allegations pertaining to the City's "Rule of Five" practice, however, are only based on "information and belief."[98] "'The mere fact that a plaintiff uses the language 'information and belief' does not make an allegation conclusory but, instead, the Court must consider the content of the allegation itself.'"[99] An allegation is conclusory if this consideration reveals that the allegations "completely lack[] factual support."[100] Here, Ms. Diederich does not offer any specific factual reference to promotions that have been made according to the City's alleged practice. The allegations therefore cannot be considered as facts.[101]

---

[93] Complaint ¶ 27.

[94] *Id.* ¶ 29.

[95] *Id.* ¶ 27.

[96] *See* Opposition at 10.

[97] *Id.* at 10–11. Ms. Diederich also argues that this process gives rise to an inference of some sort of implied contract. *Id.* at 12. However, Ms. Diederich does not support this argument with citation to case law. As such, the argument will not be considered.

[98] Complaint ¶¶ 27–29.

[99] *McCartney v. United States*, 31 F. Supp. 3d 1340, 1345 (D. Utah 2014) (quoting *ArCzar, Inc. v. Navico, Inc.*, No. 11–CV–805–PJC, 2012 WL 3150815, at *2 (N.D.Okla. Aug. 2, 2012).

[100] *Id.*

[101] *Cory*, 583 F.3d at 1244.

After discounting these allegations, Ms. Diederich's claim to a property interest in the promotion to lieutenant fails. The Commission's promotion-related rules do not significantly limit the police chief's discretion or create a mutually explicit understanding to the degree that a protectable property interest can be recognized.

Ms. Diederich anticipates this conclusion in her Opposition and seeks leave to amend her complaint.[102] However, even if Ms. Diederich were permitted to amend the Complaint (now for a second time) and provide the factual support outlined above, her claim would still fail. Under the City's alleged practice, the promotion of the fifth remaining candidate from the initial top five candidates on the eligibility register is *not* guaranteed or even mandatory. This is because Ms. Diederich has alleged that the police chief *still* retains the discretion in this circumstance to promote a candidate ranked sixth or lower on the register, albeit after taking the *procedural* step of sending written notice to the candidate that was passed over.[103] By seeking a promotion "in conformance with [the City's] longstanding 'Rule of Five'"[104] practice, Ms. Diederich is only seeking an entitlement to the appropriate procedure. Again, "an entitlement to nothing but procedure cannot be the basis for a liberty or property interest."[105] Granting leave to amend would not cure this sort of deficiency. The request to amend will be denied.

And even if Ms. Diederich's promotion were mandatory according to the City's alleged established practice, such a promotion would likely be barred under facts that have been offered here. Despite Ms. Diederich's condemnation of the disciplinary procedures instituted against

---

[102] Opposition at 19.

[103] Complaint ¶ 27.

[104] *Id.* ¶ 111.

[105] *Stein v. Disciplinary Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1192 (10th Cir.2008).

her,[106] a mandatory promotion for her would mean that City would be required to promote a candidate who, by the time the conditions had been met to make that promotion mandatory, had been the subject of an internal investigation that resulted in three sustained charges of misconduct, on administrative leave for an extended period, and eventually disciplined in the form of an unpaid suspension. A property interest in a promotion under these conditions is incongruous, at the very least.

Regardless of this observation, according to the preceding analysis Ms. Diederich cannot claim a property interest in being promoted to lieutenant as part of her first and second cause of action. Dismissal is therefore GRANTED as to these relevant portions of Ms. Diederich's first and second causes of action.

## ORDER

IT IS HEREBY ORDERED THAT:

- Defendants' Motion to Dismiss[107] is GRANTED;
- Plaintiff is DENIED leave to amend; and
- Plaintiff's first and second causes of action are DISMISSED, in their entirety, with prejudice.

Signed March 30, 2018.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[106] Complaint ¶ 50.

[107] Defendants' Motion to Dismiss Plaintiff's First Amended Complaint For Failure to State a Claim and Memorandum in Support ("Motion"), docket no. 9, filed April 17, 2017.